**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ArrivalStar S.A. and Melvino Technologies Limited, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) ) | **DEMAND FOR JURY TRIAL** |
| CargoTel, Inc., Cogent Solutions, Inc., Ocean World Lines, Inc., Ramco, Inc., Tecsys, Inc., VelaTrack, Inc., and World Wide Logistics, Inc. | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively, "ArrivalStar" or "Plaintiff"), by and through their undersigned attorneys, for their Complaint against Defendants CargoTel, Inc. (CargoTel), Cogent Solutions, Inc. (Cogent), Ocean World Lines, Inc. (OWL), Ramco, Inc. (Ramco), Tecsys, Inc., (Tecsys), VelaTrack, Inc. (VelaTrack), and World Wide Logistics, Inc. (WWL) (CargoTel, Cogent, OWL, Ramco, Tecsys, VelaTrack, and WWL are collectively referred to herein as "Defendants") hereby allege as follows:

## THE PARTIES

1.  Plaintiff ArrivalStar S.A. is a corporation organized under the laws of Luxembourg and having offices at 127 rue de Mühlenbach, L-2168 Luxembourg.

2.    Plaintiff Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

3.    ArrivalStar owns all right, title, and interest in, and has standing to sue for infringement of, United States Patent Nos. 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay," issued April 18, 2006; United States Patent No. 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel," issued October 4, 2005; United States Patent No. 6,317,060 ("the '060 patent") entitled "Base Station System and Method for Monitoring Travel of Mobile Vehicles and Communicating Notification Messages," issued November 13, 2001, United States Patent No. 6,904,359-C1 ("the '359 patent") entitled "Notification Systems and Methods With User-Definable Notifications Based Upon Occurrence Of Events," issued June 7, 2005 (re-examination certificate issued May 25, 2010), United States Patent No. 6,486,801 ("the '801 patent") entitled "Base Station Apparatus and Method For Monitoring Travel Of a Mobile Vehicle," issued November 26, 2002, United States Patent No. 6,714,859 ("the '859 patent") entitled "System And Method For an Advance Notification System For Monitoring and Reporting Proximity Of a Vehicle," issued March 30, 2004, United States Patent No. 6,411,891 ("the '891 patent") entitled "Advance Notification System And  Method Utilizing User-Definable Notification Time Periods," issued June 25, 2002, and United States Patent No. 7,400,970 ("the '970 patent") entitled "System And Method For an Advance Notification System For Monitoring And Reporting Proximity Of a Vehicle," issued July 15, 2008.

4.     On information and belief, Defendant CargoTel is a corporation organized and existing under the laws of Delaware and maintains a corporate headquarters at 2400 Boston St., Suite 314, Baltimore, MD 21224.

5.     On information and belief, Defendant Cogent is a corporation organized and existing under the laws of New Jersey and maintains a corporate headquarters at 34 Caroline Drive, Princeton, NJ 08540.

6.     On information and belief, Defendant OWL is a corporation organized and existing under the laws of Delaware, maintains a corporate headquarters at 1983 Marcus Avenue, Suite 100, Lake Success, New York 11042, and maintains an office at 300 Park Blvd., Suite 350, Itasca, IL 60143.

7.     On information and belief, Defendant Ramco is a corporation organized and existing under the laws of the State of California and maintains a North American corporate headquarters at 3150 Brunswick Pike, Suite 130, Lawrenceville, NJ 08648.

8.     On information and belief, Defendant Tecsys is a corporation organized and existing under the laws of the State of Ohio, maintains a corporate headquarters at 1040 Avenue of the Americas, 24th Floor, New York City, New York, USA, and is a U.S. subsidiary of Tecsys, Inc., 1 Place Alexis Nihon, Suite 800, Montreal, Quebec, Canada H3Z 3B8.

9.     On information and belief, Defendant VelaTrack is a corporation organized and existing under the laws of Oregon and maintains a corporate headquarters at 1554 NW West Hills Ave, Bend, OR 97701.

10.    On information and belief, Defendant WWL is a corporation organized and existing under the laws of Toronto, CA and maintains a U.S. office at 3611 Carpenter St., Detroit, MI 48212.

ARRIVALSTAR S.A. ET AL V. CARGOTEL, INC. ET AL

## JURISDICTION AND VENUE

11.   This is an action for patent infringement arising under the acts of Congress relating to patents, namely the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*  This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.   On information and belief, Defendant CargoTel solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents.  On information and belief, Defendant CargoTel has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois.  This Court has personal jurisdiction over Defendant CargoTel.

13.   On information and belief, Defendant Cogent solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents.  On information and belief, Defendant Cogent has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois.  This Court has personal jurisdiction over Defendant Cogent.

14.   On information and belief, Defendant OWL solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents.  On information and belief, Defendant OWL has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois.  On information and belief, OWL maintains a service and sales

office at 300 Park Blvd., Suite 350, Itasca, IL 60143. This Court has personal jurisdiction over Defendant OWL.

15. On information and belief, Defendant Ramco solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents. On information and belief, Defendant Ramco has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois. This Court has personal jurisdiction over Defendant Ramco.

16. On information and belief, Defendant Tecsys solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents. On information and belief, Defendant Tecsys has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois. This Court has personal jurisdiction over Defendant Tecsys.

17. On information and belief, Defendant VelaTrack solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents. On information and belief, Defendant VelaTrack has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois. This Court has personal jurisdiction over Defendant VelaTrack.

18. On information and belief, Defendant WWL solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided

in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents.  On information and belief, Defendant WWL has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois.  This Court has personal jurisdiction over Defendant WWL.

19.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**COUNT I:**
**INFRINGEMENT OF U.S. PATENT NO. 7,030,781**

20.    Plaintiff ArrivalStar incorporates paragraphs 1-19 as if set forth fully here.

21.    Plaintiff ArrivalStar is the owner of the '781 patent.  A true and correct copy of the '781 patent is attached as Exhibit A.

22.    On information and belief, Defendant CargoTel has and continues to infringe the '781 patent by making, using, selling and/or offering for sale products or services covered by claims of the '781 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

23.    On information and belief, Defendant Cogent has and continues to infringe the '781 patent by making, using, selling and/or offering for sale products or services covered by claims of the '781 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

24.    On information and belief, Defendant OWL has and continues to infringe the '781 patent by making, using, selling and/or offering for sale products or services covered by claims

ARRIVALSTAR S.A. ET AL V. CARGOTEL, INC. ET AL

of the '781 patent, including but not limited to its Internet Tracking and Tracing and OWL360°

systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

25.   On information and belief, Defendant Ramco has and continues to infringe the '781

patent by making, using, selling and/or offering for sale products or services covered by claims

of the '781 patent, including but not limited to its International Freight Management Solution,

Transport Management System, Solution for Rail Operating and Management, Warehouse

Management System, and Solution for Inland Container Depot, all without Plaintiff ArrivalStar's

authorization, in violation of 35 U.S.C. § 271(a).

26.   On information and belief, Defendant Tecsys has and continues to infringe the '781

patent by making, using, selling and/or offering for sale products or services covered by claims

of the '781 patent, including but not limited to its Visibility, Distribution Management,

Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's

authorization, in violation of 35 U.S.C. § 271(a).

27.   On information and belief, Defendant VelaTrack has and continues to infringe the

'781 patent by making, using, selling and/or offering for sale products or services covered by

claims of the '781 patent, including but not limited to its TrackThisShipment and e-mail

notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of

35 U.S.C. § 271(a).

28.   On information and belief, Defendant WWL has and continues to infringe the '781

patent by making, using, selling and/or offering for sale products or services covered by claims

of the '781 patent, including but not limited to its Real Time Tracking and Reporting software

suites, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

29.    On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

30.    On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

31.    On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '781 patent in violation of 35 U.S.C. § 271(b) and (c).

32.    On information and belief, Defendants' infringement of the '781 patent has been and continues to be willful and deliberate.

33.    Defendants' infringement of the '781 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 6,952,645

34.    Plaintiff ArrivalStar incorporates paragraphs 1-33 as if set forth fully here.

35.    Plaintiff ArrivalStar is the owner of the '645 patent.  A true and correct copy of the '645 patent is attached as Exhibit B.

36.    On information and belief, Defendant CargoTel has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

ARRIVALSTAR S.A. ET AL V. CARGOTEL, INC. ET AL

37.   On information and belief, Defendant Cogent has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

38.   On information and belief, Defendant OWL has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

39.   On information and belief, Defendant Ramco has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its International Freight Management Solution, Transport Management System, Solution for Rail Operating and Management, Warehouse Management System, and Solution for Inland Container Depot, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

40.   On information and belief, Defendant Tecsys has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

41.   On information and belief, Defendant VelaTrack has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its TrackThisShipment and e-mail

9

notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

42.   On information and belief, Defendant WWL has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its Real Time Tracking and Reporting software suites, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

43.   On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

44.   On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

45.   On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '645 patent in violation of 35 U.S.C. § 271(b) and (c).

46.   On information and belief, Defendants' infringement of the '645 patent has been and continues to be willful and deliberate.

47.   Defendants' infringement of the '645 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 6,317,060

48.   Plaintiff ArrivalStar incorporates paragraphs 1-47 as if set forth fully here.

49.   Plaintiff ArrivalStar is the owner of the '060 patent.  A true and correct copy of the '060 patent is attached as Exhibit C.

50. On information and belief, Defendant CargoTel has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

51. On information and belief, Defendant Cogent has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

52. On information and belief, Defendant OWL has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

53. On information and belief, Defendant Ramco has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its International Freight Management Solution, Transport Management System, Solution for Rail Operating and Management, Warehouse Management System, and Solution for Inland Container Depot, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

54. On information and belief, Defendant Tecsys has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims

of the '060 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

55. On information and belief, Defendant VelaTrack has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

56. On information and belief, Defendant WWL has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its Real Time Tracking and Reporting software suites, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

57. On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

58. On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

59. On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '060 patent in violation of 35 U.S.C. § 271(b) and (c).

60. On information and belief, Defendants' infringement of the '060 patent has been and continues to be willful and deliberate.

61.    Defendants' infringement of the '060 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

## COUNT IV:
## INFRINGEMENT OF U.S. PATENT NO. 6,904,359-C1

62.    Plaintiff ArrivalStar incorporates paragraphs 1-61 as if set forth fully here.

63.    Plaintiff ArrivalStar is the owner of the '359 patent.  A true and correct copy of the '359 patent is attached as Exhibit D.

64.    On information and belief, Defendant CargoTel has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

65.    On information and belief, Defendant Cogent has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

66.    On information and belief, Defendant OWL has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

67. On information and belief, Defendant Ramco has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its International Freight Management Solution, Transport Management System, Solution for Rail Operating and Management, Warehouse Management System, and Solution for Inland Container Depot, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

68. On information and belief, Defendant Tecsys has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

69. On information and belief, Defendant VelaTrack has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

70. On information and belief, Defendant WWL has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its Real Time Tracking and Reporting software suites, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

71. On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

72.  On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

73.  On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '359 patent in violation of 35 U.S.C. § 271(b) and (c).

74.  On information and belief, Defendants' infringement of the '359 patent has been and continues to be willful and deliberate.

75.  Defendants' infringement of the '359 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

## COUNT V:
## INFRINGEMENT OF U.S. PATENT NO. 6,486,801

76.  Plaintiff ArrivalStar incorporates paragraphs 1-75 as if set forth fully here.

77.  Plaintiff ArrivalStar is the owner of the '801 patent. A true and correct copy of the '801 patent is attached as Exhibit E.

78.  On information and belief, Defendant CargoTel has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

79.  On information and belief, Defendant Cogent has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic

notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

80. On information and belief, Defendant OWL has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

81. On information and belief, Defendant Ramco has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its International Freight Management Solution, Transport Management System, Solution for Rail Operating and Management, Warehouse Management System, and Solution for Inland Container Depot, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

82. On information and belief, Defendant Tecsys has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

83. On information and belief, Defendant VelaTrack has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

84.  On information and belief, Defendant WWL has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its Real Time Tracking and Reporting software suites, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

85.  On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

86.  On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

87.  On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '801 patent in violation of 35 U.S.C. § 271(b) and (c).

88.  On information and belief, Defendants' infringement of the '801 patent has been and continues to be willful and deliberate.

89.  Defendants' infringement of the '801 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

**COUNT VI:**
**INFRINGEMENT OF U.S. PATENT NO. 6,714,859**

90.  Plaintiff ArrivalStar incorporates paragraphs 1-89 as if set forth fully here.

91.  Plaintiff ArrivalStar is the owner of the '859 patent.  A true and correct copy of the '859 patent is attached as Exhibit F.

92.  On information and belief, Defendant CargoTel has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by

17

claims of the '859 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

93.    On information and belief, Defendant Cogent has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

94.    On information and belief, Defendant OWL has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

95.    On information and belief, Defendant Ramco has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its International Freight Management Solution, Transport Management System, Solution for Rail Operating and Management, Warehouse Management System, and Solution for Inland Container Depot, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

96.    On information and belief, Defendant Tecsys has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its Visibility, Distribution Management,

Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

97. On information and belief, Defendant VelaTrack has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

98. On information and belief, Defendant WWL has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its Real Time Tracking and Reporting software suites, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

99. On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

100. On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

101. On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '859 patent in violation of 35 U.S.C. § 271(b) and (c).

102. On information and belief, Defendants' infringement of the '859 patent has been and continues to be willful and deliberate.

103. Defendants' infringement of the '859 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

## COUNT VII:
## INFRINGEMENT OF U.S. PATENT NO. 6,411,891

104. Plaintiff ArrivalStar incorporates paragraphs 1-103 as if set forth fully here.

105. Plaintiff ArrivalStar is the owner of the '891 patent. A true and correct copy of the '891 patent is attached as Exhibit G.

106. On information and belief, Defendant CargoTel has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

107. On information and belief, Defendant Cogent has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

108. On information and belief, Defendant OWL has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

109. On information and belief, Defendant Ramco has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its International Freight Management Solution, Transport Management System, Solution for Rail Operating and Management, Warehouse

20

Management System, and Solution for Inland Container Depot, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

110. On information and belief, Defendant Tecsys has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

111. On information and belief, Defendant VelaTrack has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

112. On information and belief, Defendant WWL has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its Real Time Tracking and Reporting software suites, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

113. On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

114. On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

115. On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '891 patent in violation of 35 U.S.C. § 271(b) and (c).

116. On information and belief, Defendants' infringement of the '891 patent has been and continues to be willful and deliberate.

117. Defendants' infringement of the '891 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

## COUNT VIII:
## INFRINGEMENT OF U.S. PATENT NO. 7,400,970

118. Plaintiff ArrivalStar incorporates paragraphs 1-117 as if set forth fully here.

119. Plaintiff ArrivalStar is the owner of the '970 patent. A true and correct copy of the '970 patent is attached as Exhibit H.

120. On information and belief, Defendant CargoTel has and continues to infringe the '970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

121. On information and belief, Defendant Cogent has and continues to infringe the '970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

ARRIVALSTAR S.A. ET AL V. CARGOTEL, INC. ET AL

122. On information and belief, Defendant OWL has and continues to infringe the '970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

123. On information and belief, Defendant Ramco has and continues to infringe the '970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its International Freight Management Solution, Transport Management System, Solution for Rail Operating and Management, Warehouse Management System, and Solution for Inland Container Depot, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

124. On information and belief, Defendant Tecsys has and continues to infringe the ' 970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

125. On information and belief, Defendant VelaTrack has and continues to infringe the '970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

126. On information and belief, Defendant WWL has and continues to infringe the '970 patent by making, using, selling and/or offering for sale products or services covered by claims

of the '970 patent, including but not limited to its Real Time Tracking and Reporting software suites, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

127. On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

128. On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

129. On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '970 patent in violation of 35 U.S.C. § 271(b) and (c).

130. On information and belief, Defendants' infringement of the '970 patent has been and continues to be willful and deliberate.

131. Defendants' infringement of the '970 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

## DEMAND FOR JURY TRIAL

132. Plaintiff ArrivalStar demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff ArrivalStar prays for judgment and relief including:

(A) Judgment that each Defendant has been and is infringing one or more of the claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

(B)   A preliminary and permanent injunction enjoining each Defendant and its officers, agents, servants, employees, attorneys, related business entities and those in active concert or participation with them from infringing the '781, '645, '060, '359, '801, '859, '891, and '970 patents;

(C)   An award of damages incurred by Plaintiff ArrivalStar as a result of each Defendants' infringement of the '781, '645, '060, '359, '801, '859, '891, and '970 patents;

(D)   An award trebling the damages incurred by Plaintiff ArrivalStar, pursuant to 35 U.S.C. § 284, as a result of each Defendants' willful infringement of the '781, '645, '060, '359, '801, '859, '891, and '970 patents;

(E)   An assessment of costs, including reasonable attorney fees pursuant to 35 U.S.C. § 285, and prejudgment and postjudgment interest against each Defendant on all monetary sums; and

(F)   Such other and further relief as this Court may deem just, equitable, and proper.

Respectfully submitted,

Date:  November 3, 2010          By:   /s/Michael D. Clifford
                                      Michael H. Baniak (ID #6191091)
                                      baniak@mbhb.com
                                      Gary E. Hood (ID # 6281580)
                                      hood@mbhb.com
                                      Michael D. Clifford (ID #6289241)
                                      clifford@mbhb.com
                                      Daniel R. Bestor (ID #6294867)
                                      bestor@mbhb.com
                                      McDonnell Boehnen Hulbert & Berghoff LLP
                                      300 South Wacker Drive
                                      Chicago, Illinois 60606

(312) 913-0001  Telephone
(312) 913-0002  Facsimile

Attorneys for Plaintiffs
ARRIVALSTAR S.A. and MELVINO
TECHNOLOGIES LIMITED, INC.