**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> CARGOTEL, INC., COGENT SOLUTIONS, INC., OCEAN WORLD LINES, INC., TECSYS, INC., and VELATRACK, INC. <br><br> Defendants. | Civil Action No. 1:10-cv-07089 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Sheila Finnegan |

**DEFENDANT OCEAN WORLD LINES, INC.'S ANSWER, DEFENSES AND
COUNTERCLAIMS TO FIRST AMENDED COMPLAINANT**

Defendant Ocean World Lines, Inc. ("OWL") by and through the undersigned attorneys, hereby answers the First Amended Complaint of ArrivalStar S.A. and Melvino Technologies Limited (collectively, "ArrivalStar" or "Plaintiff"), as follows.  The following numbered paragraphs in this answer correspond to the numbered paragraphs in the complaint.

**THE PARTIES**

1.      Plaintiff ArrivalStar S.A. is a corporation organized under the laws of Luxembourg and having offices at 127 rue de Mühlenbach, L-2168 Luxembourg.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 1, and therefore denies same.

2.      Plaintiff Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 2, and therefore denies same.

3.     ArrivalStar owns all right, title, and interest in, and has standing to sue for infringement of, United States Patent Nos. 7,030,781 ("the '781 patent"), entitled "Notification System and Method that Informs a Party of Vehicle Delay," issued April 18, 2006; United States Patent No. 6,952,645 ("the '645 patent"), entitled "System and Method for Activation of an Advance Notification System for Monitoring and Reporting Status of Vehicle Travel," issued October 4, 2005; United States Patent No. 6,317,060 ("the '060 patent") entitled "Base Station System and Method for Monitoring Travel of Mobile Vehicles and Communicating Notification Messages," issued November 13, 2001, United States Patent No. 6,904,359-C1 ("the '359 patent") entitled "Notification Systems and Methods With User-Definable Notifications Based Upon Occurrence Of Events," issued June 7, 2005 (re-examination certificate issued May 25, 2010), United States Patent No. 6,486,801 ("the '801 patent") entitled "Base Station Apparatus and Method For Monitoring Travel Of a Mobile Vehicle," issued November 26, 2002, United States Patent No. 6,714,859 ("the '859 patent") entitled "System And Method For an Advance Notification System For Monitoring and Reporting Proximity Of a Vehicle," issued March 30, 2004, United States Patent No. 6,411,891 ("the '891 patent") entitled "Advance Notification System And  Method Utilizing User-Definable Notification Time Periods," issued June 25, 2002, and United States Patent No. 7,400,970 ("the '970 patent") entitled "System And Method For an Advance Notification System For Monitoring And Reporting Proximity Of a Vehicle," issued July 15, 2008.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 3, and therefore denies same.

4.     On information and belief, Defendant CargoTel is a corporation organized and existing under the laws of Delaware and maintains a corporate headquarters at 2400 Boston St., Suite 314, Baltimore, MD 21224.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 4, and therefore denies same.

5.     On information and belief, Defendant Cogent is a corporation organized and existing under the laws of New Jersey and maintains a corporate headquarters at 34 Caroline Drive, Princeton, NJ 08540.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 5, and therefore denies same.

6.     On information and belief, Defendant OWL is a corporation organized and existing under the laws of Delaware, maintains a corporate headquarters at 1983 Marcus Avenue,

Suite 100, Lake Success, New York 11042, and maintains an office at 300 Park Blvd., Suite 350, Itasca, IL 60143.

**ANSWER:** OWL admits the allegations of paragraph 6.

7.    On information and belief, Defendant Tecsys is a corporation organized and existing under the laws of the State of Ohio, maintains a corporate headquarters at 1040 Avenue of the Americas, 24th Floor, New York City, New York, USA, and is a U.S. subsidiary of Tecsys, Inc., 1 Place Alexis Nihon, Suite 800, Montreal, Quebec, Canada H3Z 3B8.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 7, and therefore denies same.

8.    On information and belief, Defendant VelaTrack is a corporation organized and existing under the laws of Oregon and maintains a corporate headquarters at 1554 NW West Hills Ave, Bend, OR 97701.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 8, and therefore denies same.

## JURISDICTION AND VENUE

9.    This is an action for patent infringement arising under the acts of Congress relating to patents, namely the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** OWL admits that the complaint asserts a claim for patent infringement.  The remainder of paragraph 9 states a legal conclusion to which no response is required.

10.    On information and belief, Defendant CargoTel solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents.  On information and belief, Defendant CargoTel has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois.  This Court has personal jurisdiction over Defendant CargoTel.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 10, and therefore denies same.

11.    On information and belief, Defendant Cogent solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has pro-

vided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents. On information and belief, Defendant Cogent has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois. This Court has personal jurisdiction over Defendant Cogent.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 11, and therefore denies same.

12. On information and belief, Defendant OWL solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents. On information and belief, Defendant OWL has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois. On information and belief, OWL maintains a service and sales office at 300 Park Blvd., Suite 350, Itasca, IL 60143. This Court has personal jurisdiction over Defendant OWL.

**ANSWER:** OWL admits that it has an office at 300 Park Blvd., Suite 350, Itasca, IL 60143 and denies the remaining allegations of paragraph 12.

13. On information and belief, Defendant Tecsys solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents. On information and belief, Defendant Tecsys has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois. This Court has personal jurisdiction over Defendant Tecsys.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 13, and therefore denies same.

14. On information and belief, Defendant VelaTrack solicits business from this district and throughout the State of Illinois, transacts business and has offered to provide and/or has provided in this judicial district and throughout the State of Illinois, services that infringe claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents. On information and belief, Defendant VelaTrack has committed and continues to commit acts of patent infringement in this district and throughout the State of Illinois. This Court has personal jurisdiction over Defendant VelaTrack.

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 14, and therefore denies same.

15.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

**ANSWER:** OWL admits the allegations of paragraph 15.


## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 7,030,781

16.     Plaintiff ArrivalStar incorporates paragraphs 1-15 as if set forth fully here.

**ANSWER:** OWL repeats and reasserts its responses to paragraphs 1-15 as if more fully

set forth herein.

17.     Plaintiff ArrivalStar is the owner of the '781 patent.  A true and correct copy of
the '781 patent is attached as Exhibit A.

**ANSWER:** OWL admits that a copy of the '781 patent was attached to the complaint as

Exhibit A.  As to the remaining allegations of paragraph 17, OWL lacks sufficient knowledge to

affirm or deny the allegations and therefore denies same.

18.     On information and belief, Defendant CargoTel has and continues to infringe the
'781 patent by making, using, selling and/or offering for sale products or services covered by
claims of the '781 patent, including but not limited to its Transportation Management Systems
(Automotive and General Freight), Terminal Management Systems, and Internet and Wireless
Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of
35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of para-

graph 18, and therefore denies same.

19.     On information and belief, Defendant Cogent has and continues to infringe the
'781 patent by making, using, selling and/or offering for sale products or services covered by
claims of the '781 patent, including but not limited to its VisiShip and VisiTrack tracking and
electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35
U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of para-

graph 19, and therefore denies same.

- 5 -

20.     On information and belief, Defendant OWL has and continues to infringe the '781 patent by making, using, selling and/or offering for sale products or services covered by claims of the '781 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL denies the allegations of paragraph 20.

21.     On information and belief, Defendant Tecsys has and continues to infringe the '781 patent by making, using, selling and/or offering for sale products or services covered by claims of the '781 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 21, and therefore denies same.

22.     On information and belief, Defendant VelaTrack has and continues to infringe the '781 patent by making, using, selling and/or offering for sale products or services covered by claims of the '781 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 22, and therefore denies same.

23.     On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

**ANSWER:** OWL admits that it promotes its products and instructs its customers on their use and denies the remaining allegations of paragraph 23.

24.     On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER:** OWL admits that its products are not staple articles or commodities of commerce  and denies the remaining allegations of paragraph 24.

25.     On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '781 patent in violation of 35 U.S.C. § 271(b) and (c).

- 6 -

**ANSWER:** OWL denies the allegations of paragraph 25 as they relate to OWL, and is without information sufficient to form a belief with respect to the remaining allegations of paragraph 25 and therefore denies them.

26.     On information and belief, Defendants' infringement of the '781 patent has been and continues to be willful and deliberate.

**ANSWER:** Denied as to OWL.  With respect to the remaining Defendants, OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 26.

27.     Defendants' infringement of the '781 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

**ANSWER:** Denied as to OWL.  With respect to the remaining Defendants, OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 27.

## COUNT II:
## INFRINGEMENT OF U.S. PATENT NO. 6,952,645

28.     Plaintiff ArrivalStar incorporates paragraphs 1-27 as if set forth fully here.

**ANSWER:** OWL repeats and reasserts its responses to paragraphs 1-27 as if more fully set forth herein.

29.     Plaintiff ArrivalStar is the owner of the '645 patent.  A true and correct copy of the '645 patent is attached as Exhibit B.

**ANSWER:** OWL admits that a copy of the '645 patent was attached to the complaint as Exhibit B.  As to the remaining allegations of paragraph 29, OWL lacks sufficient knowledge to affirm or deny the allegations and therefore denies same.

30.     On information and belief, Defendant CargoTel has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 30, and therefore denies same.

31.     On information and belief, Defendant Cogent has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 31, and therefore denies same.

32.     On information and belief, Defendant OWL has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL denies the allegations of paragraph 32.

33.     On information and belief, Defendant Tecsys has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 33, and therefore denies same.

34.     On information and belief, Defendant VelaTrack has and continues to infringe the '645 patent by making, using, selling and/or offering for sale products or services covered by claims of the '645 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 34, and therefore denies same.

35.     On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

- 8 -

**ANSWER:** OWL admits that it promotes its products and instructs its customers on their use, and denies the remaining allegations of paragraph 35.

36.     On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER:** OWL admits that its products are not staple articles or commodities of commerce and denies the remaining allegations of paragraph 36.

37.     On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '645 patent in violation of 35 U.S.C. § 271(b) and (c).

**ANSWER:** OWL denies the allegations of paragraph 37 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 37, and therefore denies them.

38.     On information and belief, Defendants' infringement of the '645 patent has been and continues to be willful and deliberate.

**ANSWER:** OWL denies the allegations of paragraph 38 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 38, and therefore denies them.

39.     Defendants' infringement of the '645 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

**ANSWER:** OWL denies the allegations of paragraph 39 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 39, and therefore denies them.

## COUNT III:
## INFRINGEMENT OF U.S. PATENT NO. 6,317,060

40.     Plaintiff ArrivalStar incorporates paragraphs 1-39 as if set forth fully here.

**ANSWER:** OWL repeats and reasserts its responses to paragraphs 1-39 as if more fully set forth herein.

41.     Plaintiff ArrivalStar is the owner of the '060 patent.  A true and correct copy of the '060 patent is attached as Exhibit C.

**ANSWER:** OWL admits that a copy of the '060 patent was attached to the complaint as Exhibit C.  As to the remaining allegations of paragraph 41, OWL lacks sufficient knowledge to affirm or deny the allegations and therefore denies same.

42.     On information and belief, Defendant CargoTel has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 42, and therefore denies same.

43.     On information and belief, Defendant Cogent has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 43, and therefore denies same.

44.     On information and belief, Defendant OWL has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL denies the allegations of paragraph 44.

45.     On information and belief, Defendant Tecsys has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

- 10 -

17715713\V-3

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 45, and therefore denies same.

46. On information and belief, Defendant VelaTrack has and continues to infringe the '060 patent by making, using, selling and/or offering for sale products or services covered by claims of the '060 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 46, and therefore denies same.

47. On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

**ANSWER:** OWL admits that it promotes its products and instructs its customers on their use, and the remaining allegations of paragraph 47 are denied.

48. On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER:** OWL admits that its products are not staple articles or commodities of commerce, and the remaining allegations of paragraph 48 are denied.

49. On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '060 patent in violation of 35 U.S.C. § 271(b) and (c).

**ANSWER:** OWL denies the allegations of paragraph 49 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 49, and therefore denies them.

50. On information and belief, Defendants' infringement of the '060 patent has been and continues to be willful and deliberate.

**ANSWER:** OWL denies the allegations of paragraph 50 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 50, and therefore denies them.

51.     Defendants' infringement of the '060 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

**ANSWER:** OWL denies the allegations of paragraph 51 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 51, and therefore denies them.

## COUNT IV:
## INFRINGEMENT OF U.S. PATENT NO. 6,904,359-C1

52.     Plaintiff ArrivalStar incorporates paragraphs 1-51 as if set forth fully here.

**ANSWER:** OWL repeats and reasserts its responses to paragraphs 1-51 as if more fully set forth herein.

53.     Plaintiff ArrivalStar is the owner of the '359 patent.  A true and correct copy of the '359 patent is attached as Exhibit D.

**ANSWER:** OWL admits that a copy of the '359 patent was attached to the complaint as Exhibit D.  As to the remaining allegations of paragraph 53, OWL lacks sufficient knowledge to affirm or deny the allegations and therefore denies same.

54.     On information and belief, Defendant CargoTel has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 54, and therefore denies same.

55.     On information and belief, Defendant Cogent has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by

- 12 -

claims of the '359 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 55, and therefore denies same.

56. On information and belief, Defendant OWL has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL denies the allegations of paragraph 56.

57. On information and belief, Defendant Tecsys has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 57, and therefore denies same.

58. On information and belief, Defendant VelaTrack has and continues to infringe the '359 patent by making, using, selling and/or offering for sale products or services covered by claims of the '359 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 58, and therefore denies same.

59. On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

**ANSWER:** OWL admits that it promotes its products and instructs its customers on their use, and the remaining allegations of paragraph 59 are denied.

60. On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

- 13 -

**ANSWER:** OWL admits that its products are not staple articles or commodities of commerce, and the remaining allegations of paragraph 60 are denied.

61.     On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '359 patent in violation of 35 U.S.C. § 271(b) and (c).

**ANSWER:** OWL denies the allegations of paragraph 61 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 61, and therefore denies them.

62.     On information and belief, Defendants' infringement of the '359 patent has been and continues to be willful and deliberate.

**ANSWER:** OWL denies the allegations of paragraph 62 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 62 and therefore denies them.

63.     Defendants' infringement of the '359 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

**ANSWER:** OWL denies the allegations of paragraph 63 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 63, and therefore denies them.

## COUNT V:
## INFRINGEMENT OF U.S. PATENT NO. 6,486,801

64.     Plaintiff ArrivalStar incorporates paragraphs 1-63 as if set forth fully here.

**ANSWER:** OWL repeats and reasserts its responses to paragraphs 1-63 as if more fully set forth herein.

65.     Plaintiff ArrivalStar is the owner of the '801 patent. A true and correct copy of the '801 patent is attached as Exhibit E.

**ANSWER:** OWL admits that a copy of the '801 patent was attached to the complaint as Exhibit E. As to the remaining allegations of paragraph 65, OWL lacks sufficient knowledge to affirm or deny the allegations and therefore denies same.

66. On information and belief, Defendant CargoTel has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 66, and therefore denies same.

67. On information and belief, Defendant Cogent has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 67, and therefore denies same.

68. On information and belief, Defendant OWL has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL denies the allegations of paragraph 68.

69. On information and belief, Defendant Tecsys has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by claims of the '801 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 69, and therefore denies same.

70. On information and belief, Defendant VelaTrack has and continues to infringe the '801 patent by making, using, selling and/or offering for sale products or services covered by

claims of the '801 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 70, and therefore denies same.

71.     On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

**ANSWER:** OWL admits that it promotes its products and instructs its customers on their use, and the remaining allegations of paragraph 71 are denied.

72.     On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER:** OWL admits that its products are not staple articles or commodities of commerce, and the remaining allegations of paragraph 72 are denied.

73.     On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '801 patent in violation of 35 U.S.C. § 271(b) and (c).

**ANSWER:** OWL denies the allegations of paragraph 73 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 73, and therefore denies them.

74.     On information and belief, Defendants' infringement of the '801 patent has been and continues to be willful and deliberate.

**ANSWER:** OWL denies the allegations of paragraph 74 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 74, and therefore denies them.

75.     Defendants' infringement of the '801 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

**ANSWER:** OWL denies the allegations of paragraph 75 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 75, and therefore denies them.

### COUNT VI:
### INFRINGEMENT OF U.S. PATENT NO. 6,714,859

76.     Plaintiff ArrivalStar incorporates paragraphs 1-75 as if set forth fully here.

**ANSWER:** OWL repeats and reasserts its responses to paragraphs 1-75 as if more fully set forth herein.

77.     Plaintiff ArrivalStar is the owner of the '859 patent. A true and correct copy of the '859 patent is attached as Exhibit F.

**ANSWER:** OWL admits that a copy of the '859 patent was attached to the complaint as Exhibit F. As to the remaining allegations of paragraph 77, OWL lacks sufficient knowledge to affirm or deny the allegations and therefore denies same.

78.     On information and belief, Defendant CargoTel has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 78, and therefore denies same.

79.     On information and belief, Defendant Cogent has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 79, and therefore denies same.

80. On information and belief, Defendant OWL has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL denies the allegations of paragraph 80.

81. On information and belief, Defendant Tecsys has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 81, and therefore denies same.

82. On information and belief, Defendant VelaTrack has and continues to infringe the '859 patent by making, using, selling and/or offering for sale products or services covered by claims of the '859 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 82, and therefore denies same.

83. On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

**ANSWER:** OWL admits that it promotes its products and instructs its customers on their use, and the remaining allegations of paragraph 83 are denied.

84. On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER:** OWL admits that its products are not staple articles or commodities of commerce, and the remaining allegations of paragraph 84 are denied.

85. On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '859 patent in violation of 35 U.S.C. § 271(b) and (c).

**ANSWER:** OWL denies the allegations of paragraph 85 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 85, and therefore denies them.

86.     On information and belief, Defendants' infringement of the '859 patent has been and continues to be willful and deliberate.

**ANSWER:** OWL denies the allegations of paragraph 86 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 86, and therefore denies them.

87.     Defendants' infringement of the '859 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

**ANSWER:** OWL denies the allegations of paragraph 87 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 87, and therefore denies them.

<u>**COUNT VII:**</u>
<u>**INFRINGEMENT OF U.S. PATENT NO. 6,411,891**</u>

88.     Plaintiff ArrivalStar incorporates paragraphs 1-87 as if set forth fully here.

**ANSWER:** OWL repeats and reasserts its responses to paragraphs 1-87 as if more fully set forth herein.

89.     Plaintiff ArrivalStar is the owner of the '891 patent.  A true and correct copy of the '891 patent is attached as Exhibit G.

**ANSWER:** OWL Admits that a copy of the '891 patent was attached to the complaint as Exhibit G, and the remaining allegations of paragraph 89 are denied.

90.     On information and belief, Defendant CargoTel has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

- 19 -

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 90, and therefore denies same.

91.     On information and belief, Defendant Cogent has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 91, and therefore denies same.

92.     On information and belief, Defendant OWL has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL denies the allegations of paragraph 92.

93.     On information and belief, Defendant Tecsys has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 93, and therefore denies same.

94.     On information and belief, Defendant VelaTrack has and continues to infringe the '891 patent by making, using, selling and/or offering for sale products or services covered by claims of the '891 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 94 and therefore denies same.

95.     On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

**ANSWER:** OWL admits that it promotes its products and instructs its customers on their use, and the remaining allegations of paragraph 95 are denied.

96.     On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER:** OWL admits that its products are not staple articles or commodities of commerce, and the remaining allegations of paragraph 96 are denied.

97.     On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '891 patent in violation of 35 U.S.C. § 271(b) and (c).

**ANSWER:** OWL denies the allegations of paragraph 97 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 97, and therefore denies them.

98.     On information and belief, Defendants' infringement of the '891 patent has been and continues to be willful and deliberate.

**ANSWER:** OWL denies the allegations of paragraph 98 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 98, and therefore denies them.

99.     Defendants' infringement of the '891 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

**ANSWER:** OWL denies the allegations of paragraph 99 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 99, and therefore denies them.

## COUNT VIII:
## INFRINGEMENT OF U.S. PATENT NO. 7,400,970

100.     Plaintiff ArrivalStar incorporates paragraphs 1-99 as if set forth fully here.

**ANSWER:** OWL repeats and reasserts its responses to paragraphs 1-99 as if more fully set forth herein.

101.    Plaintiff ArrivalStar is the owner of the '970 patent.  A true and correct copy of the '970 patent is attached as Exhibit H.

**ANSWER:** OWL admits that a copy of the '970 patent was attached to the complaint as Exhibit H, and the remaining allegations of paragraph 101 are denied.

102.    On information and belief, Defendant CargoTel has and continues to infringe the '970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its Transportation Management Systems (Automotive and General Freight), Terminal Management Systems, and Internet and Wireless Logistics Management Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 102, and therefore denies same.

103.    On information and belief, Defendant Cogent has and continues to infringe the '970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its VisiShip and VisiTrack tracking and electronic notification systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 103, and therefore denies same.

104.    On information and belief, Defendant OWL has and continues to infringe the '970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its Internet Tracking and Tracing and OWL360° systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL denies the allegations of paragraph 104.

105.    On information and belief, Defendant Tecsys has and continues to infringe the ' 970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its Visibility, Distribution Management, Transportation Management, and Event Notification Systems, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 105, and therefore denies same.

106.    On information and belief, Defendant VelaTrack has and continues to infringe the '970 patent by making, using, selling and/or offering for sale products or services covered by claims of the '970 patent, including but not limited to its TrackThisShipment and e-mail notification systems and services, all without Plaintiff ArrivalStar's authorization, in violation of 35 U.S.C. § 271(a).

**ANSWER:** OWL lacks sufficient knowledge to affirm or deny the allegations of paragraph 106, and therefore denies same.

107.    On information and belief, Defendants have and continue to promote, advertise, and instruct customers and potential customers about their products and/or services and how to use their products and/or services, including infringing uses.

**ANSWER:** OWL admits that it promotes its products and instructs its customers on their use  and the remaining allegations of paragraph 107 are denied.

108.    On information and belief, Defendants' products are not staple articles or commodities of commerce suitable for substantial non-infringing use.

**ANSWER:** OWL admits that its products are not staple articles or commodities of commerce, and the remaining allegations of paragraph 108 are denied.

109.    On information and belief, Defendants' actions have and continue to constitute active inducement of and contributory infringement of the '970 patent in violation of 35 U.S.C. § 271(b) and (c).

**ANSWER:** OWL denies the allegations of paragraph 109 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 109, and therefore denies them.

110.    On information and belief, Defendants' infringement of the '970 patent has been and continues to be willful and deliberate.

- 23 -

**ANSWER:** OWL denies the allegations of paragraph 110 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 110, and therefore denies them.

111.    Defendants' infringement of the '970 patent has caused irreparable harm to Plaintiff ArrivalStar and will continue to do so unless enjoined.

**ANSWER:** OWL denies the allegations of paragraph 111 as to OWL and is without sufficient information to form a belief as to the remaining allegations of paragraph 111, and therefore denies them.

## DEMAND FOR JURY TRIAL

112.    Plaintiff ArrivalStar demands trial by jury on all issues so triable.

**ANSWER:** Paragraph 112 states a conclusion to which no response is required.  To the extent a response is required, it is denied by OWL.


## AFFIRMATIVE DEFENSES

1.    ArrivalStar has failed to state a claim upon which relief may be granted.

2.    ArrivalStars' claims are barred, in whole or in part, because the '781, '645, '060, '359, '801, '859, '891, and '970 patents are invalid for failing to satisfy one or more requirements of 35 U.S.C. § 101, 102, 103 and 112.

3.    ArrivalStars' claims are barred, in whole or in part, because OWL does not infringe the '781, '645, '060, '359, '801, '859, '891, and '970 patents under 35 U.S.C. § 271(a), (b), and/or (c).

- 24 -

4.     ArrivalStars' claims are barred in whole or in part by the doctrines of estoppel, laches, waiver, unclean hands, prosecution laches, prosecution history estoppel, and/or other equitable doctrines or defenses.

## COUNTERCLAIMS

The Counterclaim-Plaintiff Ocean World Lines, Inc. ("OWL"), asserts the following counterclaims against the Counterclaim-Defendant, ArrivalStar S.A. and Melvino Technologies Limited (collectively, "ArrivalStar")

## THE PARTIES

1.     OWL is a corporation organized and existing under the laws of Delaware,.  It maintains a corporate headquarters at 1983 Marcus Avenue, Suite 100, Lake Success, New York 11042, and maintains an office at 300 Park Blvd., Suite 350, Itasca, IL 60143.

2.     ArrivalStar S.A. is a corporation organized under the laws of Luxembourg and has an office at 127 rue de Mühlenbach, L-2168 Luxembourg.

3.     Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

## JURISDICTION AND VENUE

4.     These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Laws, 35 U.S.C. § 101 *et seq.*

5.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 2201.

6.     Based on the foregoing allegations, and by virtue of ArrivalStars' commencement of the present action, a justiciable controversy exists between OWL on the one hand and ArrivalStar on the other, and this Court has personal jurisdiction over ArrivalStar and these counterclaims.

7.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400, and by virtue of ArrivalStars' commencement of the present action in this Court.

**FIRST COUNTERCLAIM**
**(Declaratory Judgment of Noninfringement of the '781,**
**'645, '060, '359, '801, '859, '891, and '970 Patents)**

8.     OWL repeats the allegations set forth in paragraphs 1 through 7 as if fully set forth herein.

9.     ArrivalStar alleges to be the rightful owner of all rights title, and interest in United States Patent Nos. 7,030,781 ("the '781 patent"); 6,952,645 ("the '645 patent"); 6,317,060 ("the '060 patent"); 6,904,359-C1 ("the '359 patent"); 6,486,801 ("the '801 patent"); 6,714,859 ("the '859 patent"); 6,411,891 ("the '891 patent"); and the 7,400,970 ("the '970 patent").

10.     ArrivalStar has filed a complaint alleging that the OWL has infringed and continue to infringe the '781, '645, '060, '359, '801, '859, '891, and '970 patents. Accordingly, a substantial and continuing justiciable controversy exists between OWL and ArrivalStar as to the infringement of the '781, '645, '060, '359, '801, '859, '891, and '970 patents.

11.     OWL has not infringed and is not infringing the '781, '645, '060, '359, '801, '859, '891, and '970 patents either literally or under the doctrine of equivalents.

- 26 -

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '781, '645, '060, '359, '801, '859, '891, and '970 Patents)

12.     OWL repeats the allegations set forth in paragraphs 1 through 11 as if fully set forth herein.

13.     Each of the claims of the '781, '645, '060, '359, '801, '859, '891, and '970 patents are invalid due to a failure to comply with the requirements of patentability as set forth in Title 35 U.S.C. *et seq*., including, but not limited to, §§ 101, 102, 103 and 112.

## PRAYER FOR RELIEF

**WHEREFORE**, OWL prays for relief as follows:

A.     That ArrivalStars' Complaint be dismissed with prejudice and that ArrivalStar take nothing by way of their Complaint;

B.     That this Court enter an Order declaring that OWL has not infringed the '781, '645, '060, '359, '801, '859, '891, and '970 Patents;

C.     That this Court enter an Order declaring that the '781, '645, '060, '359, '801, '859, '891, and '970 Patents are invalid and/or unenforceable;

D.     That this Court declare this case exceptional pursuant to 35 U.S.C. § 284;

E.     That this Court award OWL its costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 as well as prejudgment and post judgment interest against ArrivalStar on all monetary sums; and

G.     That this Court grant any other and further relief as this Court deems

17715713\V-3

just and proper.

## Jury Demand

Ocean World Lines, Inc. demands trial by jury on all issues so triable.

Respectfully submitted,


Date: March 3, 2011          By:     /s/ Anne K.W. Sutton_____


Anne K.W. Sutton
ARDC No. 6288694
SNR Denton US LLP
233 South Wacker Drive
Suite 7800
Chicago, Illinois  60606
312.876.8000 telephone
312.876.7934 facsimile
anne.sutton@snrdenton.com

Joel N. Bock
New Jersey State Bar No. 46421993
*Pro Hac Motion to be filed*
SNR Denton US LLP
101 JFK Parkway
Short Hills, NJ 07078
973-912-7174 telephone
973-912-7174 facsimile
joel.bock@snrdenton.com

Mark L. Hogge
District of Columbia Bar No. 404882
*Pro hac Motion to be filed*
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005
202-408-6443 telephone
202-408-6399 facsimile
mark.hogge@snrdenton.com


*Attorneys for Defendant Ocean World Lines, Inc.*

17715713\V-3

## CERTIFICATE OF SERVICE

       I HEREBY CERTIFY that on the date indicated below, I filed via the Court's CM/ECF system the foregoing:

       **Ocean World Lines, Inc's Answer, Defenses and Counterclaims to Arrival-Stars' First Amended Complaint, and**

which will serve all counsel of record by notice of electronic filing, to Fed. R. Civ. P. 5(b)(2)(D).

Date:  March 3, 2011             By:    /s/ Anne K.W. Sutton_____
                                         *Attorneys for Defendant Ocean World Lines, Inc.*